ORTIZ & ORTIZ, L.L.P.
Norma E. Ortiz
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
Fax (718) 596-1302
email@ortizandortiz.com
*Counsel to the Debtor*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                                                    Case No.: 17-11524-shl

1018 MORRIS PARK AVE. REALTY INC.,

                        Debtor.                                      Chapter 11
------------------------------------------------------X

**AMENDED APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY CODE SECTION 327(a) AUTHORIZING THE EMPLOYMENT OF
<u>MEISTER SEELIG & FEIN L.L.P. AS DEBTOR'S TAX COUNSEL</u>**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE;

        1018 Morris Park Ave. Realty Inc., (the "Debtor"), by its attorneys Ortiz & Ortiz, L.L.P. ("O & O"), respectfully represents:

## BACKGROUND

        1.     The Debtor filed a voluntary chapter 11 petition on June 2, 2017 (the "Petition Date").

        2.     The Debtor's sole asset is a mortgage loan secured by the real estate located at 1000-1018 Morris Park Avenue, Bronx, New York. The Debtor receives monthly mortgage payments of approximately $53,000. The Debtor's bankruptcy filing was precipitated by the collection efforts of one of its creditors, the New York State Department of Taxation and Finance. The Debtor's largest creditors are N.Y. State and the I.R.S.

        3.     The Debtor did not maintain its books and records and file tax returns for many

years prior to the bankruptcy filing. Because the Debtor was forced to reconstruct its books and records prior to preparing its returns, the Debtor's accountants have spent the last year preparing the books and preparing draft returns for filing. Once the returns are finalized and filed, the Debtor can file plan of reorganization that addresses the claims of all of its creditors.

4.   The Debtor believes that it needs the advice of tax counsel to review the returns before they are filed, and possibly assist with establishing the amounts due to the taxing authorities. The Debtor believes that there are tax law issues that require the expertise of a specialist in that field.

5.   The Debtor entered into a retainer agreement with Meister Seelig & Fein LLP ("MSF") to serve as its tax counsel, as of April 16, 2019. As set forth in the annexed Declaration of Bob Goldberg, MSF has the requisite experience to render the tax advice needed by the Debtor. Mr. Goldberg, the partner in charge of the Debtor's engagement, is the Chair of the firm's tax department, holds an L.L.M. in Taxation from N.Y.U. School of Law, and is eminently qualified to advise the Debtor on its tax issues.

6.   As set for in Mr. Goldberg's Declaration, the retainer agreement required payment of a $5,000.00 retainer to MSF. The retainer was paid by the Debtor from the Debtor's funds.

## JURISDICTION

7.   The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.   The statutory bases for the relief requested herein are Bankruptcy Code Sections 327 and 328, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Local Bankruptcy Rule 2014-1.

**RELIEF REQUESTED**

9. The Debtor requests the Court's approval of its retention of MSF as its tax counsel, and approve the terms agreed to between MSF and the Debtor, pursuant to 11 U.S.C. § 327(a). MSF has agreed to provide the Debtor with the following services: assist in reviewing and resolving the tax claims asserted by the Internal Revenue Service and the New York State Department of Taxation and advise the Debtor on any other tax-related matters.

10. The Debtor believes that MSF is qualified to represent its interest and the interests of the estate in connection with its tax issues. MSF is willing to act in this case and render the necessary professional services as tax counsel to the Debtor. MSF does not hold or represent an interest adverse to the Debtor's estate in the matters upon which it is to be employed, and is "disinterested" as the term is defined in the Bankruptcy Code Section 327. 11. MSF shall apply to the Court for the allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the local rules and orders of the Court.

12. Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules and the local rules and orders of the Court, the Debtor proposes to pay MSF its customary hourly rates as set forth in Mr. Goldberg's Declaration and submits that such rates are reasonable.

13. The Debtor also seeks the Court's approval of its payment of a modest post-petition retainer of $5,000.00 to MSF. Applying the factors that can be considered by the courts[1] when determining, among other things, the propriety of a post-petition retainer agreement for counsel to a debtor supports a finding that the terms MSF's agreement with the Debtor are reasonable and should be approved. See, e.g., In re Truong, 259 B.R. 264 (Bankr. N.J. 2001). Those factors include (1) the retainer's economic impact on debtor's ongoing business operation, (2) the

---

[1] The undersigned did not locate any controlling Second Circuit decisional law that addresses this issue.

retainer's economic impact on debtor's ability to reorganize, (3) the amount and reasonableness of the retainer, (4) the reputation of debtor's counsel, and (5) the ability of debtor's counsel to disgorge such payments at the conclusion of the case should the court determine that the fees paid to counsel are not justified.

14. Applying these factors to the instant case supports a finding that the relief sought herein should be granted. MSF will not undertake the representation of the Debtor without the payment of a retainer that is available to pay all or a portion of the professional fees approved by the Court. Since the retainer paid to MSF is modest in amount, and the Debtor has a steady monthly income stream that is more than adequate to pay the retainer, it should not have any economic impact upon on the Debtor's ongoing financial affairs. Moreover, the amount of the retainer and the hourly rates charged by MSW are consistent with the rates charged by other firms of MSW's size, experience, and reputation. Finally, if MSW were required to disgorge the retainer, it has the financial ability to do so. For these reasons, The Debtor requests that the Court approve the terms of MSW's retention as set forth in the annexed retainer agreement and permit the payment and expenditure of the retainer to the firm, subject to interim and final approval of fees under Bankruptcy Code Sections 330 and 331.

15. No previous application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests the entry of an order substantially in the form of the prefixed order granting the relief requested herein and such other and further relief as is just.

Dated: Astoria, New York
July 11, 2019

/s/Norma E. Ortiz
Norma E. Ortiz, Esq.
Ortiz & Ortiz, L.L.P.
32-72 Steinway Street, Ste. 402
Astoria, New York 11103
Tel. (718) 522-1117
Counsel to the Debtor

**Exhibit A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                                          Case No. 17-11524

1018 MORRIS PARK AVE. REALTY INC.,
                                                                                                    Chapter 11
                            Debtor.
------------------------------------------------------------X

### DECLARATION AND DISCLOSURE STATEMENT OF BOB G. GOLDBERG IN SUPPORT OF APPLICATION FOR RETENTION OF MEISTER SEELIG & FEIN L.L.P.

Bob G. Goldberg declares as follows:

1. I am an attorney at law admitted to practice before this Court and a member of the firm Meister Seelig & Fein ("MSF").

2. MSF was recently retained by the above-captioned Debtor in Possession to assist in reviewing and resolving the tax claims asserted by the Internal Revenue Service and the New York State Department of Taxation, and to advise the Debtor on any other tax-related matters.

3. I will be the partner primarily responsible for the Debtor's case. I am the Chairman of MSF's Taxation and Estates Department, I hold an LLM in Taxation from N.Y.U. Law School, and have decades of experience advising entities and individuals on a variety of tax matters.

4. My firm has agreed to bill the Debtor at the following hourly rates: $710 an hour for my services; from $310.00 to $1,075.00 an hour for partners, associates, and attorneys serving as of counsel to the firm; and $310.00 to $335.00 for paralegal services. Photocopying charges are only billed to the estate when a large copying job is required, and is billed at the rate of five cents a page. Any costs incurred by third party vendors will be billed to the estate at O & O's cost.

5. The Debtor has consented to our retention under a classic retainer under these terms.

6. I know of no reason why MSF is not qualified to represent the Debtor in this case. The firm had no prior connection to the Debtor before it was first consulted regarding the Debtor's tax issues.

7. Other than the foregoing, MSF neither represents nor has any connection to any creditor or party in interest of the Debtor, other than in the ordinary course of its business.

8. MSF will not undertake the representation of the Debtor without the payment of a retainer that is available to pay all or a portion of the professional fees approved by the Court. Since the retainer paid to MSF is modest in amount, and the Debtor has a steady monthly income stream that is more than adequate to pay the retainer, it should not have any economic impact upon on the Debtor's ongoing financial affairs. Moreover, the amount of the retainer and the hourly rates charged by MSW are consistent with the rates charged by other firms of MSW's size, experience, and reputation. Finally, if MSW were required to disgorge the retainer, it has the financial ability to do so.

9. MSF has agreed to accept a retainer of $5,000 to be paid from the Debtor's funds. MSF understands and agrees that any further payment of compensation will be made purs uant to, among other things, the applicable Bankruptcy Code provisions and the Federal Rules of Bankruptcy Procedure. Moreover, my firm is fully aware that all fees received as compensation for services to the Debtor is subject to the Court's approval for, among other things, reasonableness.

10. My firm has not agreed to share compensation with any other person or entity.

I declare under the penalty of perjury that the foregoing is accurate and correct.

Dated: July 11, 2019
New York, New York

_____
Bob G. Goldberg

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                                    Case No. 17-11524

1018 MORRIS PARK AVE. REALTY INC.,
                                                                                            Chapter 11

                    Debtor.
-------------------------------------------------------X

## ORDER PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF MEISTER SEELIG & FEIN L.L.P. AS DEBTOR'S TAX COUNSEL

Upon the Amended Application (the "Application") of 1018 Morris Park Ave. Realty Inc.(the "Debtor"), as debtor and debtor in possession, dated July 11, 2019, for entry of an order pursuant to 11 U.S.C. § 327(a) authorizing and approving the employment of Meister Seelig & Fein LLP ("MSF") as its attorneys; upon the Bob G. Goldberg, a partner of the firm of MSF;

it appearing that the members of MSF are admitted to practice before this Court; the Court being satisfied that MSF represents no interest adverse to the Debtor and its estate as to the matters upon which it is to be engaged, is disinterested under 11 U.S.C. §101(14), and that the employment of MSF is necessary and in the best interest of the Debtor and its estate; due notice of the Application having been given to the United States Trustee, and it appearing that no other or further notice need be given; sufficient cause appearing therefore, it is

ORDERED, that the Application is granted to the extent set forth herein; and it is further

ORDERED, that pursuant to 11 U.S.C. § 327(a) of the Bankruptcy Code, the Debtor is authorized to employ MSF as its tax counsel under the terms and conditions set forth in the Application; and it is further

ORDERED, that the Debtor is permitted to pay the proposed retainer fee of $5,000.00 subject to the terms and conditions set forth in the Amended Application and Declaration of Bob G. Goldberg; and it is further

ORDERED, that prior to any increases in the rates billed to the Debtor by MSF, MSF shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor and the United States Trustee. The supplemental affidavit shall explain the bases for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated: New York, New York
      July 11, 2019

                                      HON. SEAN H. LANE
                                      U.S. BANKRUPTCY JUDGE

NO OBJECTION:

_____